UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARIO GRESS LUNA,

Petitioner,

v. Case No.: 2:26-cv-02988-SPC-NPM

WARDEN, GLADES COUNTY DETENTION CENTER *et al.*,

Respondents.
_________________________________/

## **OPINION AND ORDER**

Before the Court are Mario Gress Luna's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 8).

Gress Luna is a native and citizen of Guatemala who entered the United States without inspection in 2001. He has no criminal history. On July 8, 2026, Border Patrol agents arrested Gress Luna during a traffic stop and placed him in immigration detention. Gress Luna constructively filed his habeas petition on November 3, 2026, arguing his detention without a meaningful bond hearing violated the Fifth Amendment. At the time he filed the petition, Gress Luna was entitled to an individualized bond hearing as a noncitizen detained under 8 U.S.C. § 1226(a). But that is no longer true.

On November 5, 2026, an immigration judge granted Gress Luna's request for voluntary departure in lieu of removal. Federal regulation allows

the government to attach conditions to voluntary departure, including "continued detention pending departure." 8 C.F.R. § 240.25(b). The voluntary departure agreement makes Gress Luna's request for a bond hearing moot, and there is no apparent constitutional problem here because Gress Luna's detention is not indefinite. He has agreed to leave the United States by December 5, 2026. If he does not, the voluntary departure order becomes an administratively final removal order, and Gress Luna's detention without a bond hearing will be lawful under 8 U.S.C. § 1231. Accordingly, Gress Luna's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on November 18, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record